After a jury trial in the District Court, the defendant, Charles J. Herbeck, appeals from his convictions of stalking in violation of a restraining order and witness intimidation. He claims that (1) the victim's hearsay statements were improperly admitted under the doctrine of forfeiture by wrongdoing, (2) his due process rights were violated because the victim's statements were not reliable, and (3) a Facebook photograph was improperly admitted because it lacked foundation and was unduly prejudicial. We affirm.
Background. On January 27, 2014, Amy,[2] the defendant's girl friend, obtained an abuse prevention order pursuant to G. L. c. 209A, which prohibited the defendant from contacting her or threatening to harm her. The order was served on the defendant the same day.
Four days later, Amy reported to the Stoneham police that she had received twenty-four telephone calls from the defendant since the order entered. In one call the defendant threatened to shoot Amy with a .45 caliber handgun. Amy was visibly upset while making the report.
The defendant continued to contact Amy as police searched unsuccessfully for him. Amy showed police over fifty text messages and videos that she had received from a telephone number she did not recognize. The text messages were threatening in nature,[3] and the videos depicted Amy engaged in sexual activity. From their content, Amy knew the messages were sent by the defendant. Amy was crying and shaking as she showed police the messages. Thereafter, criminal complaints issued charging the defendant with multiple violations of the abuse prevention order, intimidating a witness, and stalking in violation of a restraining order.
Discussion. 1. Forfeiture by wrongdoing. During the course of pretrial proceedings, Amy asserted her privilege under the Fifth Amendment to the United States Constitution and elected not to testify at trial. Consequently, the Commonwealth moved in limine to admit her statements to the police under the doctrine of forfeiture by wrongdoing, asserting that the defendant had procured her unavailability.[4] The motion was supported, in part, by recordings of telephone calls the defendant made from jail to Amy and his mother. Following an evidentiary hearing at which the recordings were played, the motion judge issued comprehensive written findings and concluded that the defendant was "trying, on his own and through his mother, to convince [Amy] not [to] testify in these cases."[5] Accordingly, the motion judge ruled that the doctrine of forfeiture by wrongdoing applied and allowed the Commonwealth's motion in limine. On appeal, the defendant claims this decision was error because there was no evidence that the defendant's persuasion of Amy was "unfair."
"[T]he 'wrongdoing' in forfeiture by wrongdoing is simply the intentional act of making the witness unavailable to testify or helping the witness become unavailable." Commonwealth v. Szerlong, 457 Mass. 858, 861 (2010), cert. denied, 562 U.S. 1230 (2011). Nothing in our case law requires a defendant's persuasion of a witness to be "unfair" for the doctrine to apply.[6] Here, the motion judge heard evidence that the defendant communicated with Amy personally and through his mother, in violation of an active restraining order, for the purpose of prevailing upon Amy not to cooperate with the Commonwealth. Amy then invoked her Fifth Amendment privilege. In these circumstances, "the doctrine of forfeiture by wrongdoing was properly applied." Commonwealth v. Valentin, 91 Mass. App. Ct. 515, 520 (2017).
2. Indicia of reliability. Due process requires that hearsay statements admitted under the doctrine of forfeiture by wrongdoing be reliable. Commonwealth v. Szerlong, supra at 866. The defendant claims that Amy's hearsay statements that she attempted suicide in order to end her relationship with the defendant, that she was afraid of and hiding from the defendant, that the defendant threatened her with a .45 caliber handgun, and that the text messages she received were from the defendant, were unreliable and should not have been admitted at trial. The trial judge, who was not the motion judge, conducted a voir dire hearing regarding Amy's statements and concluded they were sufficiently reliable. For the reasons that follow, we agree.
Amy's statement that she attempted suicide because she wanted to end her relationship with the defendant was corroborated, in part, by evidence that she obtained a restraining order against him. Her statements to the police were "factually detailed, based on personal knowledge and direct observation, made close in time to the events in question, and corroborated by the observations of" the officers. Commonwealth v. Negron, 441 Mass. 685, 691 (2004). See Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016) (setting forth criteria for assessing reliability of hearsay evidence). Amy's statements were also corroborated by the threatening text messages themselves, which were admitted in evidence, and the police testified that Amy was visibly shaken and upset while reporting the defendant's threats. Taken together, this independent evidence provided sufficient indicia that Amy's statements were reliable.
3. Facebook photograph. The defendant claims that a Facebook photograph of him holding a handgun should not have been admitted at trial because it lacked foundation and its prejudicial effect outweighed its probative value. We see no "palpable error" in the trial judge's decision to admit the photograph. Commonwealth v. Holley, 478 Mass. 508, 532 (2017).
"A proponent adequately lays the foundation for admission when a preponderance of the evidence demonstrates that the item is authentic." Commonwealth v. Siny Van Tran, 460 Mass. 535, 546 (2011). The Commonwealth laid a foundation for admission of the photograph by eliciting from a police officer testimony that he visited the defendant's Facebook page on January 31, 2014, recognized the defendant in the photograph, and printed the photograph, which he identified as the offered exhibit. See Commonwealth v. Connolly, 91 Mass. App. Ct. 580, 586 (2017) (evidence may be authenticated by "having an eyewitness testify that [it] is a fair and accurate representation of what he saw on the day in question").
The trial judge conducted a balancing test before deciding that the photograph was admissible, and we discern no abuse of discretion in his finding that the probative value of the photograph outweighed any potential unfair prejudice. See Commonwealth v. Holley, supra at 533. There was evidence that the defendant threatened to shoot Amy with a handgun, the photograph showed the defendant holding a handgun, and evidence that the defendant "had the means of committing the crime" is admissible "even without direct proof that the particular weapon was in fact used in the commission of the crime." Commonwealth v. Barbosa, 463 Mass. 116, 122 (2012) (quotation omitted). Because defense counsel highlighted the absence of evidence regarding where, when, or by whom the picture was taken, "[t]he evidence left it to the jury to determine whether in fact" the defendant had access to a handgun at the time he threatened to shoot Amy. Commonwealth v. Holley, supra. See Commonwealth v. McGee, 467 Mass. 141, 157 (2014) (it is for jury to decide whether there is link between gun defendant was said to possess and one used to shoot victim). Further, the judge instructed the jury regarding the limited purpose for which they could consider the photograph. The trial judge acted within his discretion in determining that the probative value of the photograph outweighed the risk of any unfair prejudicial impact.
Judgments affirmed.

A pseudonym.

The messages contained statements such as, "[b]e the[r]e in a min ... you think doors stop me"; "I get a sanction for you"; "[t]rust me your name is going down on the snitch ... you better fix it ... [u]nless you like P C"; and "[s]nitch[e]s get stiches" [sic]. Amy told the police that she understood the term "P C" to refer to "protective custody."

Under the doctrine of forfeiture by wrongdoing "a defendant is deemed to have lost the right to object (on both confrontation and hearsay grounds) to the admission of the out-of-court statements of a witness whose unavailability the defendant has played a meaningful role in procuring." Commonwealth v. Edwards, 444 Mass. 526, 527-528 (2005). "[T]he causal link necessary between a defendant's actions and a witness's unavailability may be established where ... a defendant puts forward to a witness the idea to avoid testifying, either by threats, coercion, persuasion, or pressure." Id. at 541.

We defer to the motion judge's findings of fact, which the defendant does not claim were clearly erroneous. See Commonwealth v. Edwards, supra at 545.

Were we to reach the issue of fairness our conclusion would be the same. Evidence that the defendant repeatedly capitalized on Amy's concern for the couple's child while seeking to convince Amy not to testify, support a conclusion that the defendant's persuasion of Amy was "unfair."